UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1593 AGF |
| | ) | |
| EMMETT D. QUEENER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a civilly committed resident of the Sexual Offender Rehabilitation and Treatment Services ("SORTS"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named in their individual capacities are four defendants from the Office of the Public Defender: Emmett Queener, Amy Clay, Ellen Blau, and J. Marty Robinson.

Plaintiff complains that in each stage of his civil commitment proceedings he was assigned the aforementioned public defenders. Plaintiff asserts that although he did not request services from the public defenders, he was provided these services and informed that if at any time he becomes able, he must pay a certain percentage of the fees accumulated from use of the Office of the Public Defender. Plaintiff believes the defendant's actions violated his constitutional rights, and he seeks injunctive and declaratory relief to hinder this practice.

**Discussion**

The complaint fails to state a claim upon which relief can be granted against all of the named defendants in this action, as "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Pursuant to § 632.489[1] of the Missouri Revised Statutes, a person undergoing civil commitment procedures as a sexually violent predator is entitled to assistance of counsel at all stages of the legal proceedings. Under the statute, if the person is indigent, "the court shall appoint counsel to assist such person." Mo.Rev.Stat. § 632.492. In accordance with this statute, the Office of Public Defender promulgated rules and regulations establishing that the State Public Defender System will provide representation to an indigent accused who has been taken into custody pursuant to Mo.Rev.Stat. § 632.489, including appeals from the determination that the person is a sexually violent predator. 18 Mo.C.S.R. 10-2.010. Under Mo.Rev.Stat. § 600.090, if at any time a defendant becomes financially able to meet some or all of the costs of fees related to the representation by the Office of the Public Defender, the defendant can be required to reimburse the Office.

Plaintiff has not argued that the aforementioned statutes and regulations are unconstitutional or in violation of a federal law. Rather, his claim is against the individual public defenders who litigated his case on his behalf, asserting that each individual acted contrary to his rights under the due process clause. As noted above, a public defender is not liable under § 1983 for undertaking representation on a

---

[1] Section 632.492 sets forth the procedures under which a person can be determined to be a sexually violent predator.

defendant's behalf. As such, plaintiff's claims in the instant lawsuit are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2 and #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #3 and #9] are **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of September, 2010.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE